| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF STEARNS | SEVENTH JUDICIAL DISTRICT |

Velia Flores,

     Plaintiff,

**SUMMONS**

– against –

Court File Number: _____

Convergent Outsourcing, Inc., and
Jefferson Capital Systems, LLC,

     Defendants.

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person, who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

      KATHLEEN WAGNER, ESQ.
      204 Sibley Street, Suite 207
      Hastings, MN 55033

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you don't have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving the dispute.

Dated: August 2, 2017

Kathleen Wagner, Esq.
204 Sibley Street, Suite 207
Hastings, MN 55033
#0387888

**STATE OF MINNESOTA**  **DISTRICT COURT**
**COUNTY OF STEARNS**  **SEVENTH JUDICIAL DISTRICT**

Velia Flores,

                Plaintiff,

– against –

Convergent Outsourcing, Inc., and
Jefferson Capital Systems, LLC,

                Defendants.

**COMPLAINT**

Court File Number:_____

Plaintiff, Velia Flores by and through her attorney, Kathleen Wagner, Esq., complaining of the Defendants, Convergent Outsourcing, Inc. ("Convergent") and Jefferson Capital Systems, LLC ("Jefferson"), hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Velia Flores, is an adult residing in Las Vegas, NV.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Jefferson is a business entity with its principal place of business located at 16 McLeland Road, St. Cloud, MN 56393.

5. Defendant Convergent is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 800 SW 39th Street, Renton, WA 98057. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendants attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases originally owed to Comenity Bank.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. On or about January 6, 2017, Plaintiff and Convergent, on behalf of Jefferson, entered into a settlement agreement for Plaintiff's Jefferson account ending in 5621. A copy of the settlement agreement is attached herein as Exhibit A.

10. Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $183.20 to settle and close her Jefferson account.

11. Thus, Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

12. Plaintiff via her debt settlement company, National Debt Relief ("NDR"), timely made the requisite payments.

13. However, Defendants never withdrew these electronic payments from Plaintiff's trust account. A statement of Plaintiff's trust account balances during the relevant time period is attached hereto as Exhibit B.

14. Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

15. Thereafter, on March 8, 2017, NDR contacted Convergent to resolve the payment discrepancy. A Convergent representative named Lori explained that Plaintiff's account was recalled.

16. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

17. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

21. Defendants acknowledged that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

22. Plaintiff timely made the requisite settlement payments, in accordance with the agreement.

23. However, Defendants refused to accept any of the requisite payments.

24. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

25. As a result, Plaintiff has suffered actual and monetary damages.

### SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Defendants owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between Defendants and Plaintiff.

28. By way of the foregoing conduct, Defendants breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

29. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

30. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

### THIRD CAUSE OF ACTION
(Fair Debt Collection Practices Act)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

34. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

35. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

36. Defendants violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and which they intended to breach, and did breach.

37. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the FDCPA.

38. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $12,000 be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;
2) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
5) That the Court grant such other and further relief as may be just and proper.

Dated: August, 2016

Kathleen Wagner, Esq.
204 Sibley Street, Suite 207
Hastings, MN 55033